IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3231-FL

| | |
|---|---|
| PHILLIP JEAN-LAURENT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>P.O. EUGENE HUNT, J.J. HARPER, SGT. )<br>J.C. WALL, M.D. TAYLOR, LT. LOY, )<br>)<br>Defendants.[1] ) | ORDER |

This matter is before the court on defendants' motions to compel (DE 33) and motion for summary judgment (DE 43). Also before the court are plaintiff's motions to enforce subpoena (DE 38), for extension of time to file amended complaint (DE 40), and to compel (DE 41).

A.  Motion for Extension of Time to File Amended Complaint

Plaintiff seeks an extension of time on the basis he needs the court to resolve his motions to enforce subpoena and compel to properly file an amended complaint. (Pl. Mot. Ext. (DE 40) at 1). The deadline to file amended pleadings was August 16, 2024. The instant motion was not signed and filed until September 27, 2024. (Id. at 2). Plaintiff's motions were also signed and filed after the amended pleadings deadline. (See Pl. Mot. Subpoena (DE 38) at 2; Pl. Mot. Compel (DE 41) at 6). Plaintiff provides no explanation why resolving his motions prior to amending the complaint is necessary nor does he foreshadow any facts he anticipates gleaning from the

---

[1]  The case caption reflects dismissal of formerly named defendants Chief William I. Carter, Wendell Police Department, and Town of Wendell by separate order entered March 1, 2024.

discovery he seeks. In sum, plaintiff fails to show good cause to amend the scheduling order. See Fed. R. Civ. P. 16(b)(4). Accordingly, the instant motion for extension of time to file amended complaint is denied.

B.  Motion to Enforce Subpoena

Plaintiff seeks to compel compliance with a third-party subpoena issued to Lorrin Freeman ("Freeman"), the District Attorney of Wake County, North Carolina. (Pl. Mot. Subpoena (DE 38) 1–2). The subpoena sought "[a]ll investigation and prosecutorial records involved in the criminal prosecution of [plaintiff] in connection with Case File No(s) 22CRS279505, 22CRS279787, and 22CRS380070 from August, 2022 to August, 2024." (DE at 17). Freeman responded in opposition.

The court has discretion to limit "the scope and conduct of discovery." Erdmann v. Preferred Research, Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988); see also Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by the rules . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."). Discovery limitations and court supervision are particularly appropriate when a pro se party, proceeding in forma pauperis, requests service of a discovery subpoena on a third party. See In re McDonald, 489 U.S. 180, 184 (1989) (per curiam) (discussing potential for abuse of in forma pauperis system by litigants who "are not subject to the financial considerations – filing fees and attorney's fees – that deter other litigants"); see also Manning v. Lockhart, 623 F.2d 536, 539 (8th Cir. 1980) (noting "the trial court's discretionary

2

power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings").

Here, Freeman argues plaintiff already obtained the discovery he seeks during his criminal prosecution. (Freeman Resp. (DE 39) at 3–4). In North Carolina, the state must make available to a defendant "the complete files of all law enforcement agencies, investigatory agencies, and prosecutors' offices involved in the investigation of the crimes committed or the prosecution of the defendant." N.C. Gen. Stat. § 15A-903(a). Plaintiff was afforded this same access. (Freeman Resp. (DE 39) at 3–4). Further, such discovery is available from defendants directly. Plaintiff's motion does not address why the documents are not available directly from defendants or why he is not in possession of the case files he received during his criminal prosecution. Accordingly, in furtherance of the court's responsibility to supervise the course and scope of discovery, the court denies the motion.

C.  Motions to Compel

1.  Standard of Review

Federal Rule of Civil Procedure 37 provides that when a party fails to respond to discovery, the party seeking discovery can move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B). Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

3

Fed. R. Civ. P. 26(b)(1).

When addressing a motion to compel discovery, the trial court holds broad discretion. See Seaside Farm, Inc. v. United States, 842 F.3d 853, 860 (4th Cir. 2016) ("District courts exercise broad discretion over discovery issues.") (citation omitted); LaRouche v. Nat'l Broad. Co., Inc., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court."); see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion."). Parties resisting discovery generally bear the burden of persuasion in a discovery dispute. See Fed. R. Civ. P. 37(a)(5).

Pursuant to Federal Rule of Civil Procedure 33, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). To the extent a party does not object to answering an interrogatory, he must answer it "separately and fully in writing under oath." Id. 33(b)(3). "[G]rounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Id. (b)(4).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Regarding requests for admissions, Rule 36 allows a party to "serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to [] facts, the application of law to fact, or opinions about either; and [] the genuineness of any described documents." Fed. R. Civ. P. 36(a).

Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when "the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action," "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except "when the motion was substantially justified or other circumstances make an award of expenses unjust." Id.(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court "may apportion the reasonable expenses for the motion." Id.(a)(5)(C).

2. Defendants' Motion

Where plaintiff did not respond to the motion, defendants' motion is granted for the reasons stated their memorandum in support. (See Def. Mem. (DE 34)). Plaintiff is directed to fully respond under oath to the first set of interrogatories 1, 3–4, 7, and 14–19, and fully respond to requests for production of documents 1–4, 8-9, 11–13, and 15–16. Plaintiff is also directed to amend his answers to requests for admissions 4, 14, 22, 27, 29, 30–31, and 33. The court warns plaintiff that sanctions may be imposed, including dismissal of this action, if he fails to comply with this order. See Fed. R. Civ. P. 37(b)(2)(A)(v).

3. Plaintiff's Motion

   a. Interrogatories 5–6

Plaintiff requests that the court compel defendants to disclose the identities of witnesses that gave testimony against plaintiff in state grand jury proceedings on or about October 11, 2022. (Pl. Mot. Compel (DE 41) at 1–2; Defs. Disc. Resps. (DE 42-2) at 2–3). Defendants contend that

5

N.C. Gen. Stat. § 15A-623(e) precludes them from responding. Section 15A-623(e) provides: "Grand jury proceedings are secret and, except as expressly provided in this Article, members of the grand jury and all persons present during its sessions shall keep its secrets and refrain from disclosing anything which transpires during any of its sessions." Plaintiff argues § 15A-623(h) permits disclosure of the information requested because it states, in pertinent part, "The record of the examination of a witness may be used in a trial to the extent that it is relevant and otherwise admissible." However, subsection (h) only applies to investigative grand juries convened under N.C. Gen. Stat. § 15A-622(h). See N.C. Gen. Stat. § 15A-623(h). Section 15A-623(h) has no application here, and § 15A-623(e) precludes defendants' responses to interrogatories five and six.

      b.      Interrogatories 8–9

Next, plaintiff seeks to have defendants disclose personal financial information because it is relevant to the ability of defendants to satisfy any possible monetary judgment. (Pl. Mot. Compel (DE 41) at 2; Defs. Disc. Resps. (DE 42-2) at 2–3). There is generally no right to discovery of assets until a judgment has been entered. See FTC v. Turner, 609 F.2d 743, 745 (5th Cir. 1980); Sanderson v. Winner, 507 F.2d 477, 479–80 (10th Cir. 1974); see also Fed. R. Civ. P. 69(a)(2) (allowing for post-judgment discovery in aid of judgment execution). No judgment has been entered in this action. Thus, the motion to compel is denied as to interrogatories eight and nine at this time. Plaintiff may again raise these matters after judgment has been entered if appropriate.

      c.      Interrogatory 10

Where plaintiff seeks to compel defendants to provide their dates of birth, and defendants have provided the information in a supplemental response, this aspect of the motion to compel is

6

moot. (Pl. Mot. Compel (DE 41) at 2; Defs. Resp. (DE 42) at 3).

        d.        Interrogatories 14 and 18

Plaintiff requests the court compel defendants to supplement their responses to interrogatories 14 and 18. (Pl. Mot. Compel (DE 41) at 2–3). The interrogatories and defendants' responses are as follows:

> 14.    State clearly and fully, has there ever been a criminal action instituted against any of the defendants or on behalf of any of the defendants for any crime?
>
> ANSWER:    OBJECTION. This interrogatory exceeds the scope of Rule 609 of the Federal Rules of Evidence. Without waiving the objection, no defendant has been convicted of any felony or misdemeanor in the past ten years.
>
> 18.    State clearly and fully, has any of the defendants ever been arrested for any criminal offense(s) and/or been the victim of any criminal offense(s), the date when and the place where the offense(s) occurred, and whether a criminal or civil proceeding was instituted in connection with the offense(s).
>
> ANSWER:    OBJECTION. This interrogatory exceeds the scope of Rule 609 of the Federal Rules of Evidence and is duplicative. Without waiving the objection, see the response to Interrogatory 14.

(Defs. Disc. Resps. (DE 42-2) at 5, 7).

Defendants indicate that the only matters of which any defendant has been convicted or pleaded guilty or responsible at any time were traffic matters. The portion of the interrogatories seeking information concerning criminal actions in which defendants were victims have no bearing on whether plaintiff's constitutional rights were violated when defendants allegedly searched plaintiff's house without a warrant and arrested him without probable cause. (See Compl. (DE 1) at 1–6). Therefore, crimes in which defendants were victims are not relevant to the instant action. To the extent defendants have supplemented their answer to show none of them have been arrested

7

or had a criminal action instituted against them that can be utilized for impeachment pursuant to Federal Rule of Evidence 609, defendants' responses are complete.

e. Interrogatory 20 and Requests for Production 6, 8, & 13

Plaintiff requests information and documents pertaining to insurance and indemnification policies. (Pl. Mot. Compel (DE 41) at 3–5; Defs. Disc. Resps. (DE 42-2) at 7, 10–12). Defendants' response to the motion to compel confirms that the additional discovery sought by plaintiff does not exist, and this request is denied. (See Defs. Resp. (DE 42) at 4–5).

f. Requests for Production 7, 10–11

Plaintiff requests that the court compel defendants to produce various communication between themselves and their insurer. (Pl. Mot. Compel (DE 41) at 5; Defs. Disc. Resps. (DE 42-2) at 10–11). Defendants indicate all communications with their insurer have been prepared in anticipation of litigation. (Defs. Resp. (DE 41) at 42). Accordingly, such documents are protected by the work product doctrine and not subject to discovery. See Fed. R. Civ. P. 26(b)(3) (protecting from discovery documents "prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's . . . insurer or agent)"); see, e.g., Smith v. Scottsdale Ins. Co., 40 F. Supp. 3d 704, 720 (N.D.W. Va. 2014) ("Unlike files generated while investigating whether to deny a first-party claim, which are generally not considered to have been prepared in anticipation of litigation, insurance claim files generated in relation to investigating and defending against third-party claims are generally considered work-product because they were clearly prepared for the purposes of the underlying litigation, rather than in the insurer's ordinary course of business.").

8

g. Request for Production 1

Plaintiff seeks to for the court to compel defendants to produce all documents responsive to interrogatories 5–6, 8–10, 14, 18, and 20. Where the motion to compel has been denied as to these interrogatories, the motion as to this request for production is denied for the same reasons stated above.

3. Defendants' Request for Sanctions

Defendants seek sanctions in both their motion to compel and their response to plaintiff's motion to compel. (Defs. Mot. Compel (DE 34) at 2; Defs. Resp. (DE 42) at 5). Defendants request reasonable expenses, including attorney's fees. (Defs. Mot. Compel (DE 34) at 2; Defs. Resp. (DE 42) at 5). In evaluating the imposition of sanctions, the court must consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989).

Given plaintiff's pro se status, the court finds plaintiff did not act in bad faith and an award of sanctions would be unjust. See Fed. R. Civ. P. 37(a)(5)(A).

**CONCLUSION**

Based on the foregoing, plaintiff's motions to enforce subpoena (DE 38), for extension of time to file amended complaint (DE 40), and to compel (DE 41) are DENIED. Defendants' motion to compel (DE 33) is GRANTED. Within **21 days** of entry of this order, plaintiff is DIRECTED to fully respond under oath to the first set of interrogatories 1, 3–4, 7, and 14–19 and

fully respond to requests for production of documents 1–4, 8-9, 11–13, and 15–16, and amend his answers to requests for admissions 4, 14, 22, 27, 29, 30–31, and 33.

Defendants' motion for summary judgment (DE 43) is DENIED without prejudice to refiling upon completion of the discovery ordered herein. The dispositive motions deadline is EXTENDED to **April 30, 2025**.

SO ORDERED, this the 19th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge